furniture, and such other articles and necessaries of the bankrupt as the assignee shall designate and set apart, having reference in the amount to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of five hundred dollars." Under this clause the late Judge McDonald, of the district of Indiana, held in Re Thiell [Case No. 13,882] that a cheap watch might be included, but the same learned judge held in Re Cobb [Id. 2,920] that mere articles of luxury and ornament, such as watches, pianos, and the like, should not be allowed. In Re Graham [Id. 5,660], Hopkins, J., refused to allow watches. Some other cases, cited in the district courts, where the identical question has been considered, have not been accessible for examination; but I presume, as in these cases, they all turn on the question whether or not the particular watch, under the circumstances, was an article of necessity only, or an article of luxurious ornament, in which too much money had been invested to allow it in justice to the creditors. It will be found in all the cases where the law does not exempt the article itself, when value is immaterial, that this question of the reasonable or unreasonable value of it controls the case. The question is to be determined not solely by an appraisement of the particular article, but also by the attendant circumstances, or, as this statute puts it, "having reference in the amount to the family, condition, and circumstances of the bankrupt." The assignee is to determine the question, not by mere arbitrary choice on his part, but by the exercise of a sound legal discretion, subject to the final decision of the court, in the exercise of its supervising power. In re Feely [Id. 4,714]; In re Thiell [supra].

The phrase "other articles and necessaries" is a comprehensive but indefinite expression, and I have been at pains to discover the principle that is to direct the assignee and the court in the exercise of the discretion. This act is framed like other exemption acts, and doubtless, with full knowledge of the adjudications of the state courts under similar statutes. In Leavitt v. Metcalf, 2 Vt. 342, the statute exempted "such suitable apparel, bedding, etc., and articles of household furniture as may be necessary for upholding life." It was held that "one brass timepiece" was included, and the court say there were two former decisions exempting the "debtors' only time-pieces," but they are not cited. "It must be admitted," say the court, "that there is a great convenience in a family having some means of keeping time, even in health, but more especially in sickness. We do not pretend that a time-piece is absolutely necessary for subsistence, and also many other articles that have always been considered exempt under this statute. The word 'necessary,' or 'necessaries' has ever been considered, in legal language, to extend to things of convenience and comfort, and to things suitable to the situation of the person in society, and is not confined to things absolutely necessary for mere subsistence." An instructive case is that of Hitchcock v. Holmes, 43 Conn. 528, where it is said we may "pass beyond what is strictly indispensable, and include articles which, to the common understanding, suggest ideas of comfort and convenience. But having done this, the obligation is upon us to exclude all superfluities and articles of luxury and ornament." Certain expensive furniture, including a costly clock, were, therefore, excluded; but a dissenting judge thought the clock should have been allowed. A piano was thought to be a luxury, because "it is not an article of mere comfort, and does not minister to a want universally felt." Dunlap v. Edgerton, 30 Vt. 224. In Garrett v. Patchin, 29 Vt. 248, it was said the term "necessaries" means that which is convenient or useful—which a man procures for his own personal use, unless extravagant. And see Montague v. Richardson, 24 Conn. 338, which cites McCullough v. Maryland, 4 Wheat. [17 U. S.] 316; Davlin v. Stone, 4 Cush. 359, which says, "the articles may be of that plain and cheap character which, while not indispensable, are to be regarded amongst the necessaries of life, as contradistinguished from luxuries." See, also, Willson v. Ellis, 1 Denio, 462, and In re Thornton [Case No. 13,994]. Guided by these humane and liberal principles of construction, I should say that to a commercial man a plain, and not extravagantly costly watch, such as this bankrupt owns, is, in the quaint language of the Vermont statute, "necessary for upholding life." The watch of John Steele should be allowed. As to the other I cannot determine, its value not being stated. If the parties cannot agree, they may have leave to make further application in the matter.

This case is inserted because of the discussion of exemptions in general. The learning on the subject is fully gone into, and may afford aid in the examination of questions arising under state laws.

STEELE (BAS v.). See Cases Nos. 1,087 and 1,088.

STEELE (LEGGETT v.). See Case No. 8,211.

## Case No. 13,347.
### STEELE v. RICHARDS.

[Cited in Roberts v. Sheldon, Case No. 11,916. Not reported; opinion not now accessible.]

STEELE (SAWYER v.). See Cases Nos. 12,406 and 12,407.